```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Gregory T. Howard,              :

      Plaintiff,            :

  v.                            :     Case No. 2:07-cv-0514

Supreme Court of Ohio, et al.,  :     JUDGE MARBLEY

      Defendants.           :

### ORDER AND REPORT AND RECOMMENDATION

    Plaintiff, Gregory T. Howard, filed this action seeking damages and injunctive relief against defendants Supreme Court of Ohio, Franklin County Court of Common Pleas, Franklin County Court of Appeals, Eastman & Smith Ltd., Industrial Commission of Ohio, and Ohio Bureau of Workers' Compensation.  The plaintiff also moved for an order permitting him to proceed <u>in forma pauperis</u>, although he subsequently paid the full $350.00 filing fee.  The case is before the Court for an initial screening pursuant to 28 U.S.C. §§1915(e)(2) and 1915A.  For the following reasons, it will be recommended that this case be dismissed.

I.

    Section 1915(e)(2) provides that in proceedings <u>in forma pauperis</u>:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal -
>      (i) is frivolous or malicious;
>     (ii) fails to state a claim upon which
>         relief can be granted; or
>    (iii) seeks monetary relief against
>         a defendant who is immune from such
>         relief.

Section 1915A provides that the Court shall perform a similar screening in any civil action "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Both statutes apply even to prisoner cases where the full filing fee accompanies the complaint. In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997).

The purpose of these sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may be dismissed for failure to state a claim upon which relief can be granted when there is no legal basis for the claim asserted, the facts are insufficient to make out a valid claim, or there is an insurmountable bar to relief on the face of the complaint. See generally, Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978). Pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application to proceed in forma pauperis will be considered.

## II.

In his complaint, Mr. Howard alleges two distinct groups of claims. The first involves various state-law tort claims

against each of the defendants, which claims include intentional infliction of emotional distress, invasion of privacy, and slander. The second group consists of federal claims brought pursuant to 42 U.S.C. §1983 against each defendant for allegedly depriving Mr. Howard of unspecified Constitutional and statutory rights.

A.

It is clear that the Eleventh Amendment to the United States Constitution bars suit against either a state or agency of a state by citizens of that state. Edelman v. Jordan, 415 U.S. 651 (1974). In this case, Mr. Howard is a citizen of Ohio. The Supreme Court of Ohio, the Franklin County Court of Common Pleas, the Franklin County Court of Appeals, the Industrial Commission of Ohio, and the Ohio Bureau of Workers' Compensation are agencies or departments of the State of Ohio. Thus, to the extent the plaintiff seeks damages from these defendants, his suit is subject to dismissal. See §1915(e)(2)(B)(iii) (the court shall dismiss the case if the action seeks monetary relief against a defendant who is immune from such relief).

42 U.S.C. §1983 provides a remedy for plaintiffs against any persons who, under color of state law, deprive them of any rights, privileges, or immunities secured to them by the Constitution or federal statute. The State of Ohio and its agencies, however, are not considered "persons" for purposes of §1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Accordingly, the plaintiff's §1983 allegations against the Supreme Court of Ohio, the Franklin County Court of Common Pleas, the Franklin County Court of Appeals, the Industrial Commission of Ohio, and the Ohio Bureau of Workers' Compensation fail to state a claim upon which relief can be granted.

Plaintiff's §1983 claims against Eastman & Smith Ltd., a private law firm that represented plaintiff's former employer in

certain administrative and state court proceedings, must also fail. As the Court observed in <u>Border City Savings & Loan Association v. Kennecorp Mortgage and Equities, Inc.</u>, 523 F.Supp. 190, 193 (S.D.Ohio 1981), "[p]rivately-retained attorneys do not act 'under color of state law' pursuant to §1983, and their acts do not constitute 'state action' for purposes of the Fourteenth Amendment." Action under color of state law, and state action, are interrelated but separate requirements for a cause of action under §1983. <u>Lugar v. Edmondson Oil Co</u>., 457 U.S. 922 (1982). Without state action, a plaintiff has not suffered a deprivation of any rights secured by the Constitution, since constitutional provisions such as the Due Process and Equal Protection Clauses prohibit only the state, and not private persons, from acting contrary to their terms. Similarly, unless an action is taken under color of state law, by either a private person or a state official, there can be no §1983 violation. "Lawyers who participate in the trial of private state court litigation are not state functionaries acting under color of state law within the meaning of the Federal Civil Rights Acts...." <u>Hill v. McClellan</u>, 490 F.2d 859, 860 (5th Cir. 1974), <u>overruled on other grounds Sparks v. Duval County Ranch Co.</u>, 604 F.2d 976 (5th Cir. 1979), <u>aff'd Dennis v. Sparks</u>, 449 U.S. 24 (1980). <u>See also Dahlberg v. Becker</u>, 748 F.2d 85 (2d Cir. 1984), <u>cert. denied</u> 470 U.S. 1084 (1985).

B.

In the body of his complaint, Mr. Howard also appears to state a due process claim and an equal protection claim against Judge John Bender of the Franklin County Common Pleas Court in his individual capacity under §1983 for declaring plaintiff a vexatious litigator on January 11, 2006, during the course of proceedings in Case No. 05-CVH-01-0398. Plaintiff maintains

4

that Judge Bender lacked subject matter jurisdiction over the case at that time because it was not transferred or assigned to him until January 18, 2006.  According to the complaint, the Franklin County Court of Appeals and the Supreme Court of Ohio rejected plaintiff's argument that Judge Bender lacked subject matter jurisdiction when plaintiff unsuccessfully sought a writ of mandamus and/or procedendo in those courts.

As a general rule, judges are entitled to absolute immunity from civil liability regardless of the consequences which follow from their judicial acts.  "It is well-established that judges of courts of general jurisdiction are immune from liability for their judicial acts....  Except for acts in the 'clear absence' of jurisdiction, judicial immunity is absolute."  Sparks v. Kentucky Character & Fitness Committee, 818 F.2d 541, 542 (6th Cir.1987), vacated, 484 U.S. 1022 (1988), aff'd on reconsideration, 859 F.2d 428 (6th Cir.1988), citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1871); Stump v. Sparkman, 435 U.S. 349 (1978); King v. Love, 766 F.2d 962 (6th Cir.), cert. denied 474 U.S. 971 (1985).

Bradley stands for the proposition that, at common law, a judge enjoys absolute immunity from the consequences of judicial acts, premised upon the concern that if such immunity were not available, judges would constantly be the subject of lawsuits by unsuccessful or dissatisfied litigants, and that the risk of personal liability and the interference with a judicial function posed by the availability of such lawsuits would make it impossible either for judges to carry out their functions or to encourage persons to become judges in the first instance.  That common-law principle was extended to liability under 42 U.S.C. § 1983 by Pierson v. Ray, 386 U.S. 547 (1967).  As more completely explained in Stump v. Sparkman, supra, the immunity does not disappear even if the judicial act "was in error, was done

maliciously, or was in excess of [the judge's] authority"; liability attaches only to acts taken in the "'clear absence of all jurisdiction.'" Id. at 356-57, quoting Bradley v. Fisher, supra.

If a judge acts in some capacity other than a judicial capacity, judicial immunity does not apply. Forrester v. White, 484 U.S. 219 (1988); see Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.1990)("Absolute judicial immunity only applies to judicial acts and not to administrative, legislative, and executive functions that a judge may perform"). It is not always clear which acts of a judge are "judicial" and which are not. The test is a functional one. The court must consider the nature of the act, not the identity of the actor. "Any time an action taken by a judge is not an adjudication between parties, it is less likely that the act is a judicial one." Morrison v. Lipscomb, 877 F.2d 463, 466 (6th Cir.1989). However, if the act helps to determine the rights and liabilities of parties to a lawsuit, it may be a judicial act even if it does not fall into the traditional category of deciding a case.

Once the court determines that an act is of a judicial nature - that is, one ordinarily performed by a judge - and the persons dealing with the judge reasonably understand his actions to have been so performed, unless there is unequivocal proof that the judge acted in the clear absence of all jurisdiction, he or she is absolutely immune from a suit for money damages brought under §1983.

The action attributed to Judge Bender clearly relates to the legal rulings made in connection with the claims made against plaintiff in Case No. 05-CVH-01-0398. Plaintiff does not argue that the Franklin County Common Pleas Court lacked subject matter jurisdiction over those claims, but merely that the case was not yet assigned to Judge Bender at the time

6

plaintiff was declared to be a vexatious litigator. Because Judge Bender was undisputedly a judge of the Franklin County Common Pleas Court at all relevant times, his actions cannot be said to have been undertaken in the absence of all jurisdiction. Whether the state court acted contrary to some internal operating procedure concerning the assignment of particular judges to particular cases is simply irrelevant to the immunity inquiry. See Lopez v. Vanderwater, 620 F.2d 1229, 1234 (7th Cir. 1980) (absence of assignment of plaintiff's case to particular branch of court rendered actions of judge of that branch at most in excess of authority not in complete absence of jurisdiction). Thus, Judge Bender is immune from suit for these actions, and plaintiff's claims against him are subject to dismissal upon initial screening. See 28 U.S.C. §1915(e)(2)(B)(iii).

  Mr. Howard also seems to be asking this Court to overturn Judge Bender's ruling and "restore the Plaintiff to the position and status that the Plaintiff occupied before the underlying Court committed the wrong." This Court cannot reverse a state court judgment. Federal district courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The Rooker-Feldman doctrine encompasses a relatively simple concept. Under 28 U.S.C. §1257, only the United States Supreme Court has jurisdiction to review, on an appellate basis, decisions of state courts which are allegedly in conflict with the Constitution or laws of the United States. Consequently, a losing party in state court may not file suit in federal court after the state-court proceedings have ended complaining of an injury resulting from the state-

7

court judgment and seeking review and rejection of that judgment. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-92 (2005). In such instances, the district court lacks subject matter jurisdiction to overturn the state-court judgment. Id.

In this case, Mr. Howard is asking this Court to overturn the declaration that he is a vexatious litigator under Ohio law and to restore his unfettered access to the state courts of Ohio. The injury of which he complains is clearly the result of state-court judgment. As a result, this Court lacks subject matter jurisdiction to restore Mr. Howard to the position and status he occupied prior to the state-court judgment.

C.

Although plaintiff does not specifically cite 42 U.S.C. §1985 in his complaint, he does allege that the defendants conspired to deprive him of unspecified constitutional and statutory rights. However, in order to prevail under this section, plaintiff must allege and prove that such conspiracy was motivated by some class-based discriminatory animus. See Radvansky v. City of Olmsted Falls, 395 F.3d 291, 314 (6th Cir. 2005). Because plaintiff's complaint is devoid of any such allegation, he has failed to state a claim under §1985 upon which relief can be granted.

Plaintiff does cite to three other federal statutes in his complaint. He alleges that the Supreme Court of Ohio, the Franklin County Court of Appeals, the Franklin County Court of Common Pleas, and Judge Bender violated 28 U.S.C. §372 by engaging in conduct prejudicial to the administration of justice and 28 U.S.C. §455 by failing to disqualify themselves in a proceeding in which their impartiality might reasonably be questioned. Both of these sections apply to federal judges and not state judges, and the language cited by plaintiff regarding

§372 no longer even appears in the statute. The other federal statute he identifies is 18 U.S.C. §245, which makes it a crime for anyone who "whether or not acting under color of law, by force or threat of force willfully injures, intimidates, or interferes with, or attempts to injure, intimidate, or interferes with [any person]." 18 U.S.C. §245(b)(1). This statute does not contemplate the type of non-violent civil rights violations described in the complaint and does not confer upon plaintiff a private right of action. See McNeil v. Aquilos, 831 F.Supp. 1079, 1087 (S.D.N.Y. 1993) (citations omitted). Therefore, these federal statutes do not provide plaintiff with a basis for any claim upon which relief can be granted.

Additionally, Mr. Howard alleges that "[b]y failing to follow Ohio law with regard to safeguarding the Plaintiff's privacy rights the Defendant the Ohio Supreme Court violated 42 U.S.C. §1983...." Section 1983 permits suit to be filed against a state official for violation of rights secured under the United States Constitution. It does not provide for a federal cause of action based on allegations that provisions of a State's own law, whether statutory or constitutional, has been violated by a state official. Therefore, in addition to the fact that the Eleventh Amendment bars plaintiff's claim in this instance and the fact that the Ohio Supreme Court is not a "person" for purposes of §1983, Mr. Howard has for this reason failed to state a claim under §1983 upon which relief can be granted.

### III.

Based on the foregoing, the Court RECOMMENDS that the complaint be dismissed as to defendants Supreme Court of Ohio, Franklin County Court of Common Pleas, Franklin County Court of Appeals, Industrial Commission of Ohio, Ohio Bureau of Workers'

Compensation in its entirety as frivolous and for failing to state a claim upon which relief can be granted.  The Court further RECOMMENDS that the complaint be dismissed against defendant Eastman & Smith Ltd. as to the purported federal claims and that the Court decline to exercise supplemental jurisdiction over plaintiff's state-law claims against defendant Eastman & Smith Ltd.  See 28 U.S.C. §1367(c)(3).  It is further recommended that a copy of the complaint, this report and recommendation, and any dismissal order be mailed to each defendant if the report and recommendation is adopted.

In light of the Court's conclusion that the complaint fails to state a claim or is otherwise subject to dismissal, further motions practice is hereby suspended until the Report and Recommendation is reviewed by the District Judge.  All current deadlines for filing responses to pending motions are similarly suspended.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a

waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge