IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gregory T. Howard,           :

    Plaintiff,            :

  v.                         :  Case No. 2:07-cv-0514

Supreme Court of Ohio, et al., :  JUDGE MARBLEY

    Defendants.           :

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Gregory T. Howard, filed this action seeking damages and injunctive relief against defendants Supreme Court of Ohio, Franklin County Court of Common Pleas, Franklin County Court of Appeals, Eastman & Smith Ltd., Industrial Commission of Ohio, and Ohio Bureau of Workers' Compensation. The plaintiff also moved for an order permitting him to proceed in forma pauperis, although he subsequently paid the full $350.00 filing fee. This matter is before the Court on the motion to dismiss filed by defendants Franklin County Court of Appeals and the Franklin County Court of Common Pleas for failure to state a claim upon which relief may be granted (doc. #27); the motion to dismiss filed by defendants the Supreme Court of Ohio, the Industrial Commission of Ohio and the Ohio Bureau of Workers' Compensation for lack of subject matter jurisdiction (doc. #29); and the motion to dismiss filed by Eastman & Smith Ltd. pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (doc. #35). Because the motions to dismiss raise similar arguments regarding the sufficiency of plaintiff's complaint (doc. #4), the Court will consider the motions together.

I.

In his complaint, Mr. Howard alleges two distinct groups of claims. The first involves various state-law tort claims against each of the defendants, which claims include intentional infliction of emotional distress, invasion of privacy, and slander. The second group consists of federal claims brought pursuant to 42 U.S.C. §1983 against each defendant for allegedly depriving Mr. Howard of unspecified Constitutional and statutory rights.

A.

It is clear that the Eleventh Amendment to the United States Constitution bars suit against either a state or agency of a state by citizens of that state. Edelman v. Jordan, 415 U.S. 651 (1974). In this case, Mr. Howard is a citizen of Ohio. The Supreme Court of Ohio, the Industrial Commission of Ohio, and the Ohio Bureau of Workers' Compensation are agencies or departments of the State of Ohio. Thus, to the extent the plaintiff seeks damages from these defendants, his suit is subject to dismissal. Because "the provision of judicial services [is] an area in which local governments are typically treated as 'arm[s] of the State' for Eleventh Amendment purposes, Tennessee v. Lane, 541 U.S. 509, 527 n.16 (2004), the Franklin County Court of Common Pleas and the Franklin County Court of Appeals should enjoy the same immunity from suit. In Mumford v. Basinski, the Sixth Circuit Court of Appeals specifically held that an Ohio common pleas court is an arm of the state for purposes of the Eleventh Amendment. 105 F.3d 264, 269 (6th Cir.), cert. denied, 522 U.S. 914 (1997). Although Basinski's holding was called into question by Alkire v. Irving, 330 F.3d 802, 811-13 (6th Cir. 2003), the Sixth Circuit in a more recent case noted that, although the issue of Eleventh Amendment immunity for an Ohio court of common pleas is still unclear, "[t]o the extent that considerations of

dignity are relevant in determining whether an entity is protected by state sovereign immunity, one would expect this factor to weigh heavily in a suit against a state court. S.J. v. Hamilton County, 374 F.3d 416, 421 (6th Cir. 2004)(*dicta*).

> Such courts are the 'adjudicative voice' of the state itself.  That is particularly true in the context of a court system that, like Ohio's, is mandated by the state constitution to be uniform and to be supervised by one supreme court.  While lower courts may sometimes be funded by the counties in which they sit, separation of powers concerns frequently preclude counties and other branches of government from denying reasonable funding for the operation of the courts.

Id. at 421-22 (internal citations omitted)(*dicta*).  This Court will take the strong suggestion contained in S.J. and recommend, based on the reasoning therein, that the Franklin County Court of Common Pleas and the Franklin County Court of Appeals also be held immune from suit under the Eleventh Amendment.

42 U.S.C. §1983 provides a remedy for plaintiffs against any persons who, under color of state law, deprive them of any rights, privileges, or immunities secured to them by the Constitution or federal statute.  The State of Ohio and its agencies, however, are not considered "persons" for purposes of §1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).  The Sixth Circuit has likewise held that a state court is not a "person" for purposes of §1983.  Mumford v. Zieba, 4 F.3d 429, 435 (6th Cir. 1993).  Accordingly, the plaintiff's §1983 allegations against the Supreme Court of Ohio, the Franklin County Court of Common Pleas, the Franklin County Court of Appeals, the Industrial Commission of Ohio, and the Ohio Bureau of Workers' Compensation fail to state a claim upon which relief can be granted.

Plaintiff's §1983 claims against Eastman & Smith Ltd., a private law firm that represented plaintiff's former employer in certain administrative and state court proceedings, must also fail. As the Court observed in Border City Savings & Loan Association v. Kennecorp Mortgage and Equities, Inc., 523 F.Supp. 190, 193 (S.D.Ohio 1981), "[p]rivately-retained attorneys do not act 'under color of state law' pursuant to §1983, and their acts do not constitute 'state action' for purposes of the Fourteenth Amendment." Action under color of state law, and state action, are interrelated but separate requirements for a cause of action under §1983. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982). Without state action, a plaintiff has not suffered a deprivation of any rights secured by the Constitution, since constitutional provisions such as the Due Process and Equal Protection Clauses prohibit only the state, and not private persons, from acting contrary to their terms. Similarly, unless an action is taken under color of state law, by either a private person or a state official, there can be no §1983 violation. "Lawyers who participate in the trial of private state court litigation are not state functionaries acting under color of state law within the meaning of the Federal Civil Rights Acts...." Hill v. McClellan, 490 F.2d 859, 860 (5th Cir. 1974), overruled on other grounds Sparks v. Duval County Ranch Co., 604 F.2d 976 (5th Cir. 1979), aff'd Dennis v. Sparks, 449 U.S. 24 (1980). See also Dahlberg v. Becker, 748 F.2d 85 (2d Cir. 1984), cert. denied 470 U.S. 1084 (1985).

B.

In the body of his complaint, Mr. Howard also appears to state a due process claim and an equal protection claim against Judge John Bender of the Franklin County Common Pleas Court in his individual capacity under §1983 for declaring plaintiff a

4

vexatious litigator on January 11, 2006, during the course of proceedings in Case No. 05-CVH-01-0398.  Plaintiff maintains that Judge Bender lacked subject matter jurisdiction over the case at that time because it was not transferred or assigned to him until January 18, 2006.  According to the complaint, the Franklin County Court of Appeals and the Supreme Court of Ohio rejected plaintiff's argument that Judge Bender lacked subject matter jurisdiction when plaintiff unsuccessfully sought a writ of mandamus and/or procedendo in those courts.

As a general rule, judges are entitled to absolute immunity from civil liability regardless of the consequences which follow from their judicial acts.  "It is well-established that judges of courts of general jurisdiction are immune from liability for their judicial acts....  Except for acts in the 'clear absence' of jurisdiction, judicial immunity is absolute."  Sparks v. Kentucky Character & Fitness Committee, 818 F.2d 541, 542 (6th Cir.1987), vacated, 484 U.S. 1022 (1988), aff'd on reconsideration, 859 F.2d 428 (6th Cir.1988), citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1871); Stump v. Sparkman, 435 U.S. 349 (1978); King v. Love, 766 F.2d 962 (6th Cir.), cert. denied 474 U.S. 971 (1985).

Bradley stands for the proposition that, at common law, a judge enjoys absolute immunity from the consequences of judicial acts, premised upon the concern that if such immunity were not available, judges would constantly be the subject of lawsuits by unsuccessful or dissatisfied litigants, and that the risk of personal liability and the interference with a judicial function posed by the availability of such lawsuits would make it impossible either for judges to carry out their functions or to encourage persons to become judges in the first instance.  That common-law principle was extended to liability under 42 U.S.C. § 1983 by Pierson v. Ray, 386 U.S. 547 (1967).  As more completely

5

explained in Stump v. Sparkman, supra, the immunity does not disappear even if the judicial act "was in error, was done maliciously, or was in excess of [the judge's] authority"; liability attaches only to acts taken in the "'clear absence of all jurisdiction.'"  Id. at 356-57, quoting Bradley v. Fisher, supra.

If a judge acts in some capacity other than a judicial capacity, judicial immunity does not apply. Forrester v. White, 484 U.S. 219 (1988); see Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.1990)("Absolute judicial immunity only applies to judicial acts and not to administrative, legislative, and executive functions that a judge may perform").  It is not always clear which acts of a judge are "judicial" and which are not.  The test is a functional one.  The court must consider the nature of the act, not the identity of the actor.  "Any time an action taken by a judge is not an adjudication between parties, it is less likely that the act is a judicial one." Morrison v. Lipscomb, 877 F.2d 463, 466 (6th Cir.1989).  However, if the act helps to determine the rights and liabilities of parties to a lawsuit, it may be a judicial act even if it does not fall into the traditional category of deciding a case.

Once the court determines that an act is of a judicial nature - that is, one ordinarily performed by a judge - and the persons dealing with the judge reasonably understand his actions to have been so performed, unless there is unequivocal proof that the judge acted in the clear absence of all jurisdiction, he or she is absolutely immune from a suit for money damages brought under §1983.

The action attributed to Judge Bender clearly relates to the legal rulings made in connection with the claims made against plaintiff in Case No. 05-CVH-01-0398.  Plaintiff does not argue that the Franklin County Common Pleas Court lacked

subject matter jurisdiction over those claims, but merely that the case was not yet assigned to Judge Bender at the time plaintiff was declared to be a vexatious litigator.  Because Judge Bender was undisputedly a judge of the Franklin County Common Pleas Court at all relevant times, his actions cannot be said to have been undertaken in the absence of all jurisdiction.  Whether the state court acted contrary to some internal operating procedure concerning the assignment of particular judges to particular cases is simply irrelevant to the immunity inquiry.  See Lopez v. Vanderwater, 620 F.2d 1229, 1234 (7th Cir. 1980) (absence of assignment of plaintiff's case to particular branch of court rendered actions of judge of that branch at most in excess of authority not in complete absence of jurisdiction).  Thus, Judge Bender is immune from suit for these actions, and plaintiff's claims against him are subject to dismissal.

    Mr. Howard also seems to be asking this Court to overturn Judge Bender's ruling and "restore the Plaintiff to the position and status that the Plaintiff occupied before the underlying Court committed the wrong."  This Court cannot reverse a state court judgment.  Federal district courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  The Rooker-Feldman doctrine encompasses a relatively simple concept.  Under 28 U.S.C. §1257, only the United States Supreme Court has jurisdiction to review, on an appellate basis, decisions of state courts which are allegedly in conflict with the Constitution or laws of the United States.  Consequently, a losing party in state court may not file suit in federal court after the state-court proceedings

have ended complaining of an injury resulting from the state-court judgment and seeking review and rejection of that judgment. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-92 (2005). In such instances, the district court lacks subject matter jurisdiction to overturn the state-court judgment. Id.

In this case, Mr. Howard is asking this Court to overturn the declaration that he is a vexatious litigator under Ohio law and to restore his unfettered access to the state courts of Ohio. The injury of which he complains is clearly the result of state-court judgment. As a result, this Court lacks subject matter jurisdiction to restore Mr. Howard to the position and status he occupied prior to the state-court judgment.

C.

Although plaintiff does not specifically cite 42 U.S.C. §1985 in his complaint, he does allege that the defendants conspired to deprive him of unspecified constitutional and statutory rights. However, in order to prevail under this section, plaintiff must allege and prove that such conspiracy was motivated by some class-based discriminatory animus. See Radvansky v. City of Olmsted Falls, 395 F.3d 291, 314 (6th Cir. 2005). Because plaintiff's complaint is devoid of any such allegation, he has failed to state a claim under §1985 upon which relief can be granted.

Plaintiff does cite to three other federal statutes in his complaint. He alleges that the Supreme Court of Ohio, the Franklin County Court of Appeals, the Franklin County Court of Common Pleas, and Judge Bender violated 28 U.S.C. §372 by engaging in conduct prejudicial to the administration of justice and 28 U.S.C. §455 by failing to disqualify themselves in a proceeding in which their impartiality might reasonably be questioned. Both of these sections apply to federal judges and

not state judges, and the language cited by plaintiff regarding §372 no longer even appears in the statute. The other federal statute he identifies is 18 U.S.C. §245, which makes it a crime for anyone who "whether or not acting under color of law, by force or threat of force willfully injures, intimidates, or interferes with, or attempts to injure, intimidate, or interferes with [any person]." 18 U.S.C. §245(b)(1). This statute does not contemplate the type of non-violent civil rights violations described in the complaint and does not confer upon plaintiff a private right of action. See McNeil v. Aquilos, 831 F.Supp. 1079, 1087 (S.D.N.Y. 1993) (citations omitted). Therefore, these federal statutes do not provide plaintiff with a basis for any claim upon which relief can be granted.

Additionally, Mr. Howard alleges that "[b]y failing to follow Ohio law with regard to safeguarding the Plaintiff's privacy rights the Defendant the Ohio Supreme Court violated 42 U.S.C. §1983...." Section 1983 permits suit to be filed against a state official for violation of rights secured under the United States Constitution. It does not provide for a federal cause of action based on allegations that provisions of a State's own law, whether statutory or constitutional, has been violated by a state official. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984). Therefore, in addition to the fact that the Eleventh Amendment bars plaintiff's claim in this instance and the fact that the Ohio Supreme Court is not a "person" for purposes of §1983, Mr. Howard has for this reason failed to state a claim under §1983 upon which relief can be granted.

II.

Based on the foregoing, the Court RECOMMENDS that the complaint be dismissed as to defendants Supreme Court of Ohio,

9

Franklin County Court of Common Pleas, Franklin County Court of Appeals, Industrial Commission of Ohio, Ohio Bureau of Workers' Compensation in its entirety for lack of subject matter jurisdiction and/or for failing to state a claim upon which relief can be granted.  The Court further RECOMMENDS that the complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and/or 12(b)(6) against defendant Eastman & Smith Ltd. as to the purported federal claims and that the Court decline to exercise supplemental jurisdiction over plaintiff's state-law claims against defendant Eastman & Smith Ltd.  See 28 U.S.C. §1367(c)(3).  It is further recommended that a copy of the complaint, this report and recommendation, and any dismissal order be mailed to each defendant if the report and recommendation is adopted.

In light of the Court's conclusion that the complaint fails to state a claim or is otherwise subject to dismissal, further motions practice is hereby suspended until the Report and Recommendation is reviewed by the District Judge.  All current deadlines for filing responses to pending motions are similarly suspended.

If the District Judge adopts the Report and Recommendation and dismisses all of the claims set forth in the original complaint, Mr. Howard's motion for leave to file an amended complaint (doc. #5) will still remain for disposition.  In this motion, or memorandum, which is not itself an amended complaint, Mr. Howard seeks to assert a claim that Ohio Rev. Code §2323.52 and S.Ct.Prac.R. XIV, which govern the conduct of vexatious litigators in Ohio, are unconstitutional. Because this motion came before the filing of any responsive pleadings, Mr. Howard does have the right to amend his complaint.  Fed.R.Civ.P. 15(a).

It is possible, depending upon how this new claim is pleaded and against whom it is pleaded, that the claim will be

subject to dismissal for many of the same reasons set forth above. In <u>Tingler v. Marshall</u>, 716 F. 2d 1109 (6th Cir. 1983), the Court of Appeals established a procedure for *sua sponte* dismissals of claims which cannot survive a motion to dismiss. Unless the case is governed by the Prison Litigation Reform Act, which permits the *sua sponte* dismissal of a case at any time and without notice to the plaintiff, <u>see McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997), the Court may not dismiss an action unless it gives notice to the plaintiff of its intent to dismiss and the grounds for dismissal, and gives the plaintiff an opportunity to respond.

    Without the benefit of the amended complaint, the Court does not know if the <u>Tingler</u> procedure is appropriate here, or if it will be necessary to have the amended complaint served on those defendants who are named in it and to require those defendants to respond. The Court therefore disposes of this matter as follows. Mr. Howard's motion for leave to amend (#5) is granted. Within fifteen days, he shall file his amended complaint alleging the unconstitutionality of the Ohio vexatious litigator statute and Supreme Court rule. The amended complaint shall clearly identify the defendant or defendants against whom this claim is made, and shall also clearly identify whether Mr. Howard is seeking to overturn any prior adjudication declaring him to be a vexatious litigator or is seeking only prospective injunctive relief involving future applications of the Rule or statute to him. After reviewing that complaint (if it is filed), the Court will then determine if grounds for dismissal are apparent from the face of the complaint. If so, the Court will, following <u>Tingler</u>, identify such grounds and give Mr. Howard an opportunity to respond.

<u>PROCEDURE ON OBJECTIONS</u>

    If any party objects to this Report and Recommendation,

11

that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge