```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Gregory T. Howard,              :

      Plaintiff,            :

   v.                           :        Case No. 2:07-cv-0514

Ohio Supreme Court, et al.,     :        JUDGE MARBLEY

      Defendants.           :

<u>OPINION AND ORDER</u>

     This matter is before the Court on the Order and the Report and Recommendation issued by the Magistrate Judge on October 25, 2007 (#167). The Magistrate Judge recommended that the complaint (#4) be dismissed in its entirety as to defendants Supreme Court of Ohio, Franklin County Court of Common Pleas, Franklin County Court of Appeals, Industrial Commission of Ohio, and Ohio Bureau of Workers' Compensation for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The Magistrate Judge further recommended that the federal claims against defendant Eastman & Smith Ltd. be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) and that this Court decline to exercise supplemental jurisdiction over the state-law claims against defendant Eastman & Smith Ltd. The Magistrate Judge also ordered that, in light of the proposed disposition of the complaint, all motions practice be suspended pending review of the Report and Recommendation and further suspended all current deadlines for the filing of responses to any motions now on the docket. Lastly, the Magistrate Judge granted the motion for leave to file an amended complaint (#5) as of right, directed the plaintiff to file such amended complaint within fifteen days, and adopted a procedure for preliminary review under the framework

set forth in Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983).

The plaintiff, Gregory T. Howard objected to the Report and Recommendation on October 29, 2007 (#169).  On November 1, 2007, Mr. Howard filed an amended objection to the Report and Recommendation (#174).  On November 8, 2007, Mr. Howard filed a second amended objection to the Report and Recommendation (#177).

I.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made...."  Fed.R.Civ.P. 72(b).  After review, the district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  Id., see also 28 U.S.C. §636(b)(2)(B).

II.

A.

Mr. Howard first asserts that pursuant to Fed.R.Civ.P. 15(a) that he could amend his complaint once in a matter of course before a responsive pleading was filed and that the document he filed was, in fact, an amended complaint.  Because the amended complaint incorporated the claims set forth in the original complaint and because the original motion to dismiss filed by the State Defendants did not address the amended complaint, Mr. Howard believes he is entitled to a default judgment on all of his claims, including those alleged in his five subsequent amended complaints.  For various reasons, Mr. Howard's understanding of the effect of amended pleadings is incorrect. The report and recommendation does not dispose of Mr. Howard's amended complaint or any of his subsequent motions for leave to

file amended complaints (#s 25, 70, 73, 117, 124, and 126). Therefore, his objection to any such resolution is premature. Second, the only "amended complaint" that was referenced in the report and recommendation, contrary to Mr. Howard's supposition, is not "a short and plain statement of the claim," as required by Fed.R.Civ.P. 8(a), but appears to be a memorandum of law in support of his right to amend his original complaint to add a claim that S.Ct. R. XIV, Section 5 and Ohio Rev. Code §2323.52 regarding vexatious litigators are unconstitutional.  If Mr. Howard truly wants this Court to treat the document as an amended complaint, his statement "that the State of Ohio has unconstitutionally interfered with the right to access courts and right to remedy in enacting and or enforcing the vexatious statute..." strongly indicates that his claim is against the State of Ohio.  Accordingly, for the same reasons articulated in the report and recommendation as to certain other claims, this claim would be barred by the Eleventh Amendment. See Edelman v. Jordan, 415 U.S. 651 (1974).  Third, Mr. Howard ignores the fact that Fed.R.Civ.P. 15(a) permits a pleading to be amended only once as a matter of course.  Therefore, he may file subsequent amended complaints only with leave of court.

B.

Mr. Howard next denies that he did not dispute that the Franklin County Common Pleas Court's subject matter jurisdiction over the proceedings in which he was determined to be a vexatious litigant.  Mr. Howard offers no specific reason why the common pleas court would have lacked jurisdiction.  In Ohio, common pleas courts are courts of general jurisdiction. State ex rel. Jones v. Suster, 701 N.E. 2d 1002, 1006 (Ohio 1998).  Ohio Rev. Code §2323.52 expressly authorizes a court of common pleas to declare a person a vexatious litigator upon a properly filed civil action and to enter orders prohibiting any person found to

be a vexatious litigator from instituting legal proceedings in that court.  Mr. Howard also challenges the Magistrate Judge's finding that Judge Bender is entitled to absolute immunity on the basis that Judge Bender's action in declaring him a vexatious litigator did not determine the rights and liabilities of the parties.  Such an argument is without merit.  See Von Drake v. Liberty Mut. Automotive Ins. Co., slip op., 2006 WL 1075244 at *3 (E.D. Tex. Apr. 21, 2006)(even assuming judge erred in declaring plaintiff a vexatious litigant, such act is still a function he had jurisdiction to perform); Liao v. Quidachay, slip op. 2005 WL 2562619 at *3 (N.D. Cal. Oct 12, 2005) (same).

### C.

Mr. Howard objects that the report and recommendation erroneously determines that his complaint fails to state a claim against Eastman & Smith Ltd. for invasion of privacy and slander.  Contrary to this assertion, the report and recommendation merely recommends that this Court not exercise supplemental jurisdiction over these state-law claims in the event that the federal claims are dismissed.  Therefore, his objection is not well-taken.

Mr. Howard also disputes the statement in the report and recommendation that Eastman & Smith represented his former employee in certain administrative and state court proceedings.  Mr. Howard misconstrues the importance of this statement.  Regardless of any relationship between the plaintiff's former employer and the party whom Eastman & Smith represented, the fact remains that Eastman & Smith is a private law firm that did not act "under color of state law" and whose acts could not have constituted "state action" for purposes of the Fourteenth Amendment.

### D.

Mr. Howard objects that the dismissal of his complaint for lack of subject matter jurisdiction and/or for failure to state a

claim upon which relief can be granted would violate his right to a trial by jury secured by the Seventh Amendment to the United States Constitution.  This objection is without merit.  See Richcreek v. Grecu, 612 F.Supp. 111, 116 (S.D. Ind. 1985) (granting of motion to dismiss or for summary judgment does not violate Seventh Amendment right to jury trial).

E.

Mr. Howard complains that there is no order on file designating the Magistrate Judge to hear and determine the defendants' motions to dismiss.  Title 28, United States Code, Section 636(b)(1)(B) permits a district judge to designate a magistrate judge to submit recommendations for the disposition of motions to dismiss for failure to state a claim upon which relief can be granted.  Regardless of whether such a designation appears on the docket, the Magistrate Judge's report and recommendation is subject to de novo review.  Therefore, Mr. Howard has suffered no prejudice due to the absence of a formal order of referral.

F.

Lastly, Mr. Howard asserts that the Magistrate Judge's order suspending motions practice and current deadlines for responding to pending motions is unreasonable and unlawful.  Mr. Howard does not explain why the order is unreasonable or unlawful and does not offer any legal support for this assertion.  Judges generally have broad discretion over matters affecting their docket. Kimble v. Hoso, 439 F.3d 331, 336 (6th Cir. 2006).  In any event, the order was specifically limited to the period of time the report and recommendation were under review.  Because the Court has now completed the de novo review of the report and recommendation, Mr. Howard's objection to the Magistrate Judge's order is moot.

III.

A.

The Court has reviewed Mr. Howard's memorandum in support of his amended complaint (#5), as well as his response (#168) to the Magistrate Judge's order granting him leave to file as of right an amended complaint challenging the constitutionality of the Ohio statute and the Ohio Supreme Court rule governing vexatious litigators.  In his response, Mr. Howard clarifies that he is "seeking only prospective injunction [sic] relief that involves future application of the Rule and statute [as] to him."  He further declares that such relief is sought against the same defendants originally named in his complaint.

Section 2323.52 of the Ohio Revised Code provides in relevant part:

> A person...who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator.

Ohio Rev. Code Ann. §2323.52(B)(Baldwin 2007).  If the person alleged to have engaged in such conduct is determined to be a vexatious litigator, the common pleas court may enter an order prohibiting that person from instituting or continuing, without leave of court, any legal proceedings in the courts specified above.  See Ohio Rev. Code §2323(D)(1).  A person subject to such an order who seeks leave to institute or continue a legal proceeding in a court of appeals must file an application with the court of appeals in which the legal proceeding is to be instituted or is pending.  The court of appeals may not grant the vexatious litigator's application for leave unless it is

6

satisfied that the proceeding is not an abuse of process and that reasonable grounds exist for instituting or continuing the proceeding.  Thus, it is possible that defendants Franklin County Court of Common Pleas and Franklin County Court of Appeals could each apply the vexatious litigator statute to Mr. Howard in the future.

Rule XIV of the Rules of Practice of the Supreme Court of Ohio provides in pertinent part:

> If a party habitually, persistently, and without reasonable cause engages in frivolous conduct..., the Supreme Court may, sua sponte or on motion by a party, find the party to be a vexatious litigator.  If the Supreme Court determines that a party is a vexatious litigator under this rule, the Court may impose filing restrictions on the party.  The restrictions may include prohibiting the party from continuing or instituting legal proceedings in the Supreme Court without first obtaining leave, prohibiting the filing of actions in the Supreme Court without the filing fee or security for costs required by S.Ct. Prac. R. XV, or any other restrictions the Supreme Court considers just.

S.Ct. Prac. R. XIV §5(B).  This rule by its very nature applies only to proceedings before the Supreme Court of Ohio, and only that court may impose the sanctions described therein.

It is clear that of the defendants named in Mr. Howard's original complaint, only the Supreme Court of Ohio, the Franklin County Court of Common Pleas, and the Franklin County Court of Appeals, would have the authority to declare him to be a vexatious litigator pursuant either to S.Ct. Prac. R. XIV §5(B) or to Ohio Rev. Code §2323.52.  For the reasons expressed by the Magistrate Judge in the Report and Recommendation, these defendants are immune from suit under the Eleventh Amendment and are not "persons" for purposes of 42 U.S.C. §1983.  Therefore, Mr. Howard's amended complaint fails to state a

claim against any defendant upon which relief can be granted.

B.

The Court has also reviewed Mr. Howard's other various motions for leave to amend his complaint. Although Federal Rule of Civil Procedure 15(a) provides that "leave shall be freely given when justice so requires," courts may consider several factors when determining whether to permit an amendment, including bad faith by the moving party, undue prejudice to affected parties, and futility. Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir. 1990). The Court's review under these criteria amply demonstrates that each of Mr. Howard's motions for leave was filed in bad faith, that the claims sought to be added all suffer from one or more fatal infirmities, and that the parties sought to be added are all entitled to some form of immunity. The Court further finds that granting the various motions for leave would prejudice the existing defendants, by prolonging this proceeding without any prospect of resolving all of Mr. Howard's ever increasing claims. See Lyle v. Jackson, 49 Fed. Appx. 492, 495 (6th Cir. 2002).

IV.

Based on the foregoing, the Court overrules the objection (#169) and the amended objections (#s 174, 177) of plaintiff Gregory T. Howard and adopts the Report and Recommendation (#167) in its entirety. Accordingly, the Court grants the motion to dismiss filed by defendants Franklin County Court of Common Pleas and Franklin County Court of Appeals (#27); the motion to dismiss filed by defendants Supreme Court of Ohio, Industrial Commission of Ohio, and the Ohio Bureau of Workers' Compensation (#29); and the motion to dismiss filed by defendant Eastman & Smith Ltd. (#35).

It is further ordered that the amended complaint (#5) is dismissed and that Mr. Howard's motions for leave to amend his complaint (#s 25, 70, 73, 117, 126) are denied.  All other pending motions are denied as moot.  This case is DISMISSED. The Clerk shall enter judgment accordingly.


    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge