IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gregory T. Howard,                    :

    Plaintiff,                    :

v.                                    :    Case No. 2:07-cv-0514

Ohio Supreme Court, et al.,           :    JUDGE MARBLEY

    Defendants.                   :

OPINION AND ORDER

This matter is before the Court on various post-judgment motions filed by the plaintiff, Gregory T. Howard. For the reasons set forth below, the motions will be denied.

On January 14, 2008, this Court dismissed Mr. Howard's complaint (#4) and amended complaint (#5) in their entirety and denied him leave to amend his complaint further. The order (#193) also denied as moot all other motions that were then pending, including Mr. Howard's motion for summary judgment.

Mr. Howard filed a multi-branch motion (#195) on January 16, 2008 requesting a new trial pursuant to Fed.R.Civ.P. 59(a), a motion for relief from judgment under Fed.R.Civ.P. 60(b), and a motion to alter or amend judgment under Fed.R.Civ.P. 59(e). Mr. Howard also requested in the alternative that his motion for summary judgment on the issue of conspiracy be granted.

The motions for new trial and to alter or amend judgment were filed less than 10 days after the entry of judgment (#194) and were, thus, timely. Accordingly, the filing of these motions tolled the time for filing a notice of appeal. Because the motion for relief from judgment also was filed within 10 days of the judgment, its filing had the same tolling effect. See Fed.R.App.P. 4(a)(4)(A)(iv), (v), (vi). Such tolling notwithstanding, Mr. Howard filed a notice of appeal on February

13, 2008 from the Opinion and Order (#193) and the Clerk's Judgment (#194) entered on January 14, 2008.

> If a party files a notice of appeal after the court announces or enters a judgment - but before it disposes of any motion listed in Rule 4(a)(4)(A) - the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed.R.Civ.P. 4(a)(4)(B)(i). Therefore, this Court will proceed to dispose of Mr. Howard's motions.

Rule 59(a) provides that a new trial may be granted either in an action in which there has been a trial by jury or in an action tried without a jury. Since this case was dismissed prior to any trial, Mr. Howard may not request a new trial under either scenario. Accordingly, his motion is denied to the extent that he seeks a new trial.

The purpose of a motion to alter or amend judgment is to correct manifest errors of fact or law. Romero-Vargas v. Shalala, 907 F.Supp. 1128, 1135 (N.D. Ohio 1995). It is not ordinarily the function of such a motion either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue. McConocha v. Blue Cross and Blue Shield Mut. of Ohio, 930 F.Supp. 1182, 1184 (N.D.Ohio 1996). If a party disagrees with the Court's decision on a legal issue, its "'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.'" Id., quoting Dana Corp. v. United States, 764 F.Supp. 482, 489 (N.D.Ohio 1991). Although the Court can choose, in the interests of judicial economy, to rely on its earlier decision as the definitive resolution of the issues decided therein, it is also true that because the filing of a timely Rule 59 motion suspends the finality of the judgment

for purposes of appeal and thereby renders the decision interlocutory in nature, the Court can, if it deems appropriate, revisit any legal determination <u>de novo</u> and alter, amend, or even reverse the prior decision if justice so requires. <u>Binkley Co. v. Eastern Tank, Inc.</u>, 831 F.2d 333, 336 n.4 (1st Cir. 1987); <u>cf. Huff v. Metropolitan Life Ins. Co.</u>, 675 F.2d 119, 122 n.5 (6th Cir. 1982). It is with these standards in mind that the instant motion will be decided.

    Mr. Howard asserts three bases for his motion to alter or amend judgment. First, he complains that he suffered prejudice due to this Court's failure to designate another Magistrate Judge to submit recommendations for disposition. Because this Court conducted a <u>de novo</u> review of the Magistrate Judge's Report and Recommendation, this contention is without merit.

    Second, he cites the failure of the Report and Recommendation to dispose of his motion for findings of fact and conclusions of law. Fed.R.Civ.P. 52 provides that such findings and conclusions are unnecessary on decisions of motions under Rule 12 or 56. Because the Magistrate Judge recommended that Mr. Howard's complaint be dismissed pursuant to Rules 12(b)(1) and (6) for want of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, there was no reason for the Report and Recommendation to dispose of Mr. Howard's request. This Court dismissed Mr. Howard's complaint and amended complaint also pursuant to Rule 12(b), and, therefore, no finding of facts and conclusions of law are required.

    Third, Mr. Howard argues that this Court abused its discretion by dismissing his amended complaint without resorting to the framework set forth in <u>Tingler v. Marshall</u>, 716 F.2d 1109 (6th Cir. 1983). Mr. Howard's amended complaint (#5) challenged the constitutionality of Ohio Rev. Code § 2323.52 and

3

S.Ct.Prac.R. XIV which govern vexatious litigators in Ohio. Because this claim did not appear to be properly pled against the existing defendants, the Magistrate Judge granted Mr. Howard leave to amend his complaint to identify the defendants or defendants against whom the claim was made and to clarify whether he was seeking to overturn any prior adjudication declaring him to be a vexatious litigator or was seeking only prospective injunctive relief. The Magistrate Judge ordered that once the amended complaint was filed, a determination could then be made as to whether grounds for dismissal were apparent from the face of the complaint. If so, the Magistrate Judge proposed to identify such grounds and give Mr. Howard an opportunity to respond. Mr. Howard responded to this proposal by stating that he had already clearly identified the defendants against whom this claim was made and that he was seeking only prospective injunctive relief (#168). Based on this response, the Court concluded that it was unnecessary to consider the legal sufficiency of the amended complaint any further. Instead, the Court found that, as pleaded, Mr. Howard's amended complaint failed to state a claim against any defendant upon which relief could be granted. It is for the Court of Appeals to determine whether this finding constitutes an abuse of discretion. However, because Mr. Howard had an ample opportunity to be heard on the issue of whether his complaint stated a claim, there was no violation of the Tingler procedure.

The relief available under Fed. R. Civ. P. 60(b) "is extraordinary and may be granted only upon a showing of exceptional circumstances." Stotts v. Memphis Fire Dept., 679 F.2d 541, 562 (6th Cir. 1982), rev'd on other grounds, 467 U.S. 561 (1984). Whether to grant Rule 60(b) relief is within the district court's discretion. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980); Williams v. Arn, 654 F.Supp.

241, 246 (N.D.Ohio 1987). A party seeking relief under Rule 60(b) is required to show that its case comes within the provisions of the rule. <u>Lewis v. Alexander</u>, 987 F.2d 392, 396 (6th Cir. 1993). Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

Fed.R.Civ.P. 60(b).

Neither this motion (#195) nor Mr. Howard's subsequent motion to vacate the January 14, 2008 Order (#201) identifies the particular basis under Rule 60(b) under which relief should be granted. Rather, he cites simply to Fed.R.Civ.P. 60(b)(1) through (6). Moreover, there is no section in Mr. Howard's motion filed on January 16, 2008, that even addresses his request for relief from judgment (<u>see</u> #204), and his motion to vacate (#201) merely rehashes the same arguments raised in the motion to alter or amend the judgment. Mr. Howard, therefore, has not shown the exceptional circumstances required for obtaining relief from judgment.

Mr. Howard's renewed motion for summary judgment as stated in the instant motion (#195) and in his motion to vacate (#201) is likewise without merit. There is no rationale for considering

5

a motion for summary judgment after a case has been dismissed for lack of jurisdiction and for failure to state a claim upon which relief may be granted.

Mr. Howard has moved for a stay of proceedings pending resolution of his motions for new trial and to alter or amend judgment (#196). Because this Opinion and Order resolves these motions, Mr. Howard's motion for a stay of proceedings has become moot. Further, the record reflects that since judgment was entered on January 14, 2008, Mr. Howard is the only party to this action who has filed any motions or other papers. Mr. Howard's request for a status conference is also without merit given the dismissal of this case in its entirety.

On January 24, 2008, Mr. Howard sought leave to amend his complaint to add this Court as a defendant (#198). This motion is clearly frivolous and will be denied.

On January 25, 2008, Mr. Howard filed a motion to reinstate this case and to determine the sufficiency of his original complaint (#199). Because this Court has previously determined that Mr. Howard's complaint is not legally sufficient, there is no reason to reinstate this case.

Mr. Howard has requested leave to file his papers by facsimile. He has offered no reason for this request other than the fact that Fed.R.Civ.P. 5(e) provides that Court may by local rule allow papers to be filed by electronic means. This Court has, in fact, established a mechanism for electronic filing that is mandatory for most practitioners. There are exceptions to electronic filing for persons such as Mr. Howard to permit documents to be filed in paper form. There are no provisions under this Court's local rules that allow filing of documents by facsimile. <u>See</u> Local Rule 5.1. The Court further notes that the absence of this alternative method of filing seems not to have posed much of a hindrance to Mr. Howard.

Mr. Howard has asked for reconsideration by the Chief Judge for the Southern District of Ohio of this Court's dismissal of his claims (#203). Similar relief is requested in Mr. Howard's amended motion to vacate (#202) as evidenced by the proposed order attached to his motion. Mr. Howard has also "presented" his motion to declare the acts of the Franklin County Common Pleas Court and Judge Bender unconstitutional to the Chief Judge (#209). There is no procedure under the civil rules that would permit such review. Mr. Howard's only recourse would appear to be an appeal of this Court's judgment to the Sixth Circuit Court of Appeals.

Mr. Howard has filed an application for leave to appeal *in forma pauperis* (#207). He initially sought to proceed *in forma pauperis* in this Court before eventually paying the required filing fee. Mr. Howard has not submitted an affidavit of indigency as required by 28 U.S.C. §1915(a)(1), but simply attached to his application copies of his statements of an overdrawn bank account. More importantly, however, Mr. Howard may not proceed *in forma pauperis* on appeal unless the Court certifies that the appeal is taken in good faith. For essentially the same reasons set forth in this Court's dismissal order, the Court cannot do so in this case. Any argument raised on appeal would appear to be frivolous. Consequently, the Court CERTIFIES that the appeal is not taken in good faith, and Mr. Howard's motion to proceed *in forma pauperis* on appeal will be denied.

Lastly, Mr. Howard seeks to convene a three-judge panel to determine the constitutionality of Ohio Rev. Code § 2323.52 and S.Ct.Prac.R. XIV §5(B). The federal statute which called for a three-judge district court to hear and determine applications for injunctions on the grounds that a state statue is unconstitutional, former 28 U.S.C. §2281, was repealed and does

7

not apply to any action commenced after August 12, 1976. See Pub. L. 94-381. Because Mr. Howard commenced this action after that date, there is no provision that would permit a three-judge panel to hear this case.

Based on the foregoing reasons, the following motions are DENIED:

>Plaintiff's motion for new trial or to alter or amend judgment (#195);

>Plaintiff's motion for stay of proceedings and request for status conference (#196);

>Plaintiff's motion for leave to amend complaint to add this Court as a defendant (#198);

>Plaintiff's motion to reinstate this case and to determine the sufficiency of his original complaint (#199);

>Plaintiff's motion for leave to file by facsimile (#200);

>Plaintiff's motion to vacate District Judge's January 14, 2008 order and to renew plaintiff's motion for summary judgment (#201);

>Plaintiff's amended motion to vacate District Judges's January 14, 2008 order and to renew plaintiff's motion for summary judgment (#202);

>Plaintiff's motion for reconsideration by Chief Judge of District Court (#203);

>Plaintiff's motion for leave to appeal in forma pauperis (#207);

>Plaintiff's motion for three judges to hear and determine his amended complaint challenging the constitutionality of Ohio Rev. Code § 2323.52 and S.Ct.Prac.R. XIV §5(B) (#208); and

>Plaintiff's motion to declare the acts of FCCP or Judge Bender unconstitutional (#209).

8

_____
Algenon L. Marbley
United States District Judge

9