## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Gregory T. Howard,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:07-cv-0514 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | Magistrate Judge Terrence Kemp |
| **Ohio Supreme Court, et al.,** | : | |
| | : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the Court on various motions filed by the Plaintiff, Gregory T. Howard. For the reasons set forth below, the motions are denied.

On January 14, 2008, this Court dismissed in their entirety the complaint and amended complaint filed by Howard. That order also denied Howard leave to amend his complaint further, and denied as moot all other pending motions. Two days later, Howard filed motions requesting a new trial, relief from judgment, and to alter or amend judgment (moving in the alternative for summary judgment). On February 22, 2008, this Court denied those motions.

Subsequently, Howard filed a motion (#212) for summary judgment, a motion (#213) to alter or amend judgment (moving in the alternative for relief from judgment), a motion (#215) and amended motion (#216) for relief from judgment, a motion (#216) to recuse, a motion (#217) challenging the constitutionality of Ohio's statute and rule governing vexatious litigators, and a motion (#222) for relief from judgment (moving in the alternative for summary judgment).

*I. Motions for Summary Judgment*

Following the Court's last order, Howard has submitted two motions (#212 and #222) for summary judgment. As stated in this Court's February 22, 2008, order, there is no rationale for considering a motion for summary judgment after a case has been dismissed for lack of jurisdiction and for failure to state a claim upon which relief may be granted. Howard's continuing argument that jurisdiction is proper is now a matter for appeal. Howard's motions (#212 and #222) for summary judgment are **DENIED**.

*II. Motion to Alter or Amend*

Howard filed a motion (#213) to alter or amend this Court's judgment issued February 22, 2008. The motion is timely because Howard filed it within ten days after entry of the judgment, as required by Fed.R.Civ.P. 59(e). Generally, a judgment may be altered or amended for one of three reasons: (1) to consider an intervening change in the controlling law; (2) because new evidence has become available; or (3) to correct a clear error of law or prevent manifest injustice. *Hendricks v. Office of Clermont County Sheriff*, No. 03-CV-572, 2006 WL 2850515, at *4-5 (S.D. Ohio Sept. 29, 2006).

Howard fails to demonstrate a proper basis upon which to alter or amend the judgment. He does not allege that there has been an intervening change in the law or that new evidence has become available. Nor does he argue persuasively that a clear error of law was made. Rather, he circularly argues that the judgment is void on the basis of a clear mistake of law because this Court misapplied the law. Therefore, the motion (#213) to alter or amend judgment is **DENIED**.

*III. Motions for Relief from Judgment*

In his motion (#213) to alter or amend judgment and in his motions (#215, #216 and #222) for relief from judgment, Howard argues that he has showed the exceptional circumstances required for relief under Fed.R.Civ.P. 60(b).  As explained in this Court's order issued February 22, 2008, whether to grant Rule 60(b) relief is within the district court's discretion.  *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980).  In pertinent part, Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

Fed.R.Civ.P. 60(b).

Howard, however, simply cites to Rule 60(b) and declares that he has demonstrated exceptional circumstances.  Because he offers no substantiation, his reasoning is insufficient under Rule 60(b).

Although Howard filed a timely notice of appeal before filing his motion (#222) for relief from judgment, the Court may deny the motion without approval from the Court of Appeals. *First Nat. Bank of Salem, Ohio v. Hirsc*h, 535 F.2d 343 (6th Cir. 1976). In this motion, Howard makes several claims. First, he argues that he suffered prejudice because of the Court's failure to refer his complaints to a United States attorney. But this is not the Court's responsibility. Second, he argues that the Court erred by failing to consider his motion (#38) to address the Eleventh Amendment immunity of state defendants. But Howard does not assert a proper jurisdictional basis upon which to address that claim. Third, he offers allegedly newly discovered evidence that, by due diligence, could not have been discovered in time to move for a new trial under Fed.R.Civ.P 59(b). However, Howard may not invoke Rule 59(b) as the basis for a Rule 60(b) motion because, as explained in the judgment on February 22, 2008, Howard did not have a trial and thus does not have grounds under 59(b) for post-trial remedies. Accordingly, 59(b) is unavailable.

For the foregoing reasons, the motions (#213, #215, #216 and #222) for relief from judgment are **DENIED**.

### *III. Motion to Recuse*

With his amended motion (#216) for relief from judgment, Howard attached an "ENTRY RECUSAL," apparently drafted for the Court to recuse itself. Howard cites 28 U.S.C. § 455(a), which states, "[a]ny justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." However, because no court in this district has jurisdiction to hear Howard's claims on the merits, recusal is a moot point. The motion is **DENIED**.

*IV. Constitutionality of Ohio Rev. Code § 2323.52 and S.Ct.Pract.R. XIV 5(B)*

Howard filed a motion (#217) to challenge the constitutionality of Ohio's statute and rule governing vexatious litigators, but he barely addresses the claim and again fails to assert a proper jurisdictional basis upon which to hear that claim. Accordingly, the motion is **DENIED**.

*V. Conclusion*

In summary, the following motions are **DENIED**: Plaintiff's motion (#212) for summary judgment; Plaintiff's motion (#213) to alter or amend judgment (moving in the alternative for relief from judgment); Plaintiff's motion (#215) and amended motion (#216) for relief from judgment; Plaintiff's motion (#216) to recuse; Plaintiff's motion (#217) challenging the constitutionality of Ohio's statute and rule governing vexatious litigators; and Plaintiff's motion (#222) for relief from judgment (moving in the alternative for summary judgment).

In addition, this Court orders that Howard receive leave of the Court before filing any subsequent motions.

**IT IS SO ORDERED.**

                                              **s/ Algenon L. Marbley**
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**Dated: June 9, 2008**