IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gregory T. Howard,              :

    Plaintiff,              :

  v.                             :    Case No. 2:07-cv-0514

Ohio Supreme Court, et al.,     :    JUDGE MARBLEY

    Defendants.             :

<u>OPINION AND ORDER</u>

On June 9, 2008, Mr. Howard was ordered to obtain leave of the Court before filing any subsequent motions. Presently before the Court are six motions filed by Mr. Howard seeking leave to file various papers. For the reasons set forth below, these motions will be denied.

Mr. Howard's first motion (#225) seeks leave to move for relief from the June 9th order, but no proposed motion is attached. Like his prior motions for relief from judgment, this motion fails to identify any particular basis under Fed. R. Civ. 60(b) for why such relief should be granted. Mr. Howard simply attacks this Court's previous orders that dismissed his complaint and amended complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted. Mr Howard's main rationale for disturbing the orders of dismissal appears to be that the Court failed to adjudicate his amended complaint (#176) and his belief that this amended complaint somehow would have survived the defendants' motions to dismiss. This supposition is merely a rehashing of arguments previously raised by Mr. Howard in his earlier motions to alter or amend judgment and for relief from judgment. Moreover, Mr. Howard has appealed from the orders of dismissal and his appeals are currently pending in the Sixth

Circuit Court of Appeals.

The second motion (#226) seeks leave to file an original action or to amend/supplement Mr. Howard's complaint against the Industrial Commission of Ohio and the Ohio Bureau of Workers' Compensation. Since these defendants are instrumentalities of the State of Ohio, the proposed action is barred by the Eleventh Amendment. See Edelman v. Jordan, 415 U.S. 651 (1974).

The third and fourth motions were filed on December 17, 2008. In one of the motions (#227), Mr. Howard seeks leave to file a motion for summary judgment. As the Court explained in the June 9th order, there is no rationale for considering a motion for summary judgment after a case has been dismissed. In the other motion (#228), Mr. Howard seeks leave to file a motion to "grant his complaint and amended complaint." Mr. Howard argues that this Court abused its discretion in granting the defendants' motions to dismiss. Such an argument is best addressed to the Court of Appeals.

Mr. Howard filed his fifth motion on January 7, 2009, seeking permission to file a motion for reconsideration of the opinion and order (#193) issued on January 14, 2008, and the opinion and order (#224) entered June 9, 2008. Pursuant to Fed. R. Civ. P. 59(e), the proposed motion for reconsideration would be untimely since it was not filed within 10 days of the judgment entries. Furthermore, Mr. Howard filed a notice of appeal from the January 14th opinion and order (#193) and the accompanying judgment (#194) entered on that same date. His appeal is currently pending before the Court of Appeals for the Sixth Circuit. Consequently, this Court has no authority to alter or amend the January 14th judgment. Under these circumstances, granting Mr. Howard leave to file his motion for reconsideration would be an exercise in futility.

On January 8, 2009, Mr. Howard moved for leave to file a

motion for relief from judgment and/or for reconsideration of the orders entered on January 14, 2008, February 22, 2008, and June 9, 2008 as they relate to the Court's dismissal of his complaint and amended complaint.  Mr. Howard cites to Fed. R. Civ. P. 60(b) and merely declares that he has demonstrated exceptional circumstances.  As the Court has advised Mr. Howard on previous occasions, such a statement, without any substantiation, is insufficient to establish a basis for relief under Rule 60(b).  Further, any motion for reconsideration of these orders is untimely under Rule 59(e).

Based on the foregoing reasons, the plaintiff's motions for leave to file (## 225, 226, 227, 228, 229, 230 and 231) are DENIED.

       S/Algenon L. Marbley
       Algenon L. Marbley
       United States District Judge